UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ROSE DURU, *Plaintiff*, v. KAREN MITCHELL, *et al.*, *Defendants*. | Civil Action No. 17-504 (RDM) |

## MEMORANDUM OPINION

This matter is now before the Court on several motions to dismiss, Dkt. 2; Dkt. 5; Dkt. 8; Dkt. 12; Dkt. 15; Dkt. 19, as well as several motions for an injunction barring Plaintiff Rose Duru from filing further lawsuits against the movants without leave of Court, Dkt. 8; Dkt. 12; Dkt. 15; Dkt. 19. For the reasons that follow, the Court will **GRANT** the motions to dismiss, will *sua sponte* **DISMISS** the claims against other Defendants who have not been served, and will **DENY** the motions for vexatious litigant injunctions without prejudice.

### I. BACKGROUND

Plaintiff Rose Duru, proceeding *pro se*, filed this action against nearly thirty Defendants in March 2017. Dkt. 1. Her claims, although difficult to discern, appear to arise out of a financial dispute that led to a separate action, filed in the U.S. District Court for the Northern District of Texas in 2015, against several of the Defendants in this proceeding.

Twelve Defendants filed a total of six motions to dismiss, asserting various defenses including lack of subject matter jurisdiction, lack of personal jurisdiction, insufficient service of process, and failure to state a claim. *See* Dkt. 2 (Sessions, Fishman, Nation & Israel, LLP); Dkt. 5 (Northern Trust Company); Dkt. 8 (Health Corporation of America, Inc.); Dkt. 12 (Randall

Constantine and Mazursky Constantine LLC); Dkt. 15 (Geoffrey Beckham, Melinda Louie, Charles Schwab, and Charles Schwab & Co., Inc.); Dkt. 19 (David Clouston, Leslye Moseley, and Christopher Richie). Several of these Defendants further moved that the Court declare Duru a vexatious litigant and enjoin her from filing further lawsuits against them without leave of Court. *See* Dkt. 8 at 6; Dkt. 12-1 at 6; Dkt. 16 at 10–11; Dkt. 20 at 10–11. These motions are now before the Court.

Because Duru is proceeding *pro se*, the Court advised her that "[f]ail[ing] to respond" to the motions to dismiss could result in the Court "granting the motions . . . and dismissing her [c]omplaint." Dkt. 21 at 1; *see* Dkt. 11; Dkt. 13. Duru was further notified that if she "fail[ed] to address any particular argument raised in the . . . motions [to dismiss], that argument [could] be treated as conceded." Dkt. 21 at 2. In addition, the Court informed Duru that she was "entitled to be heard in opposition" to Defendants on the vexatious litigant issue, described the relevant factors, and advised her to "specifically address th[ose] factors." *Id.* Duru did not respond to the pending motions to dismiss and, instead, filed more than twenty motions for default judgments. *See* Dkt. 48 at 2 n.3 (listing the relevant docket entries); *see, e.g.*, Dkt. 22.

On October 21, 2017, the Court denied Duru's motions for default judgments because, among other defects, Duru had failed to demonstrate that the summons and complaint were served in accordance with Rule 4. *See* Dkt. 48 at 2. The Court summarized the requirements of Rule 4 and attached a copy of the Rule to its order. *Id.* at 2, 5–8. The Court also noted that "it is far from clear that the Court possesses personal jurisdiction over many, or most, of the Defendants" because "most of the Defendants and many, if not all, of the events giving rise to this suit have no connection to the District of Columbia." *Id.* at 3. Concerns about lack of personal jurisdiction and insufficient service, however, did not apply to eleven Defendants who

"waived" these defenses by failing to raise them in their motions to dismiss. *Id.* at 3 n.4 (citing Fed. R. Civ. P. 12(b)(1)(B)); *see* Dkt. 5; Dkt. 8; Dkt. 12; Dkt. 15; Dkt. 20. The Court explained that it "possesse[d] personal jurisdiction" over these eleven Defendants and that "Duru need not make further efforts to serve them." Dkt. 48 at 3 n.4.

As to the remaining Defendants, the Court, "out of an abundance of caution, grant[ed] Duru a final opportunity to effect service" even though the deadline to serve had elapsed several months earlier. *Id.* at 3. The Court also ordered Duru to "show cause . . . why each Defendant served should not be dismissed for lack of personal jurisdiction." *Id.* at 4. Finally, the Court emphasized that "fail[ing] to comply with any aspect" of its order "w[ould] result in the dismissal of her corresponding claim or claims without prejudice." *Id.* The deadline for Duru to effect service and show cause was November 9, 2017. *Id.* Shortly after the Court issued the order, a copy was mailed to Duru at her address of record. Two days later, the Court received a notice of change of address from Duru. *See* Dkt. 49. Because Duru might not have received the Court's order before moving to her current address, the Court extended her deadline to serve and show cause to December 8, 2017, and directed the Clerk of Court to mail the Court's previous order as well as the order extending Duru's deadline to Duru at her updated address. *See* Minute Order (Nov. 13, 2017). As of the date of this memorandum opinion, the Court has not received a response from Duru.

## II. ANALYSIS

### A. Service of Process

As the Court explained in its earlier order, Duru has failed to demonstrate that she effected service on several Defendants in accordance with Rule 4. Dkt. 48 at 2; *see* Fed. R. Civ. P. 4. In particular, the "Certificate of Service" and delivery receipts attached to her motions for

3

default judgments are inadequate proof of service because service must be accomplished by a non-party. *See* Fed. R. Civ. P. 4(c)(2). Despite an additional opportunity to effect service, moreover, Duru has failed to file adequate proof of service with the Court or, indeed, to respond in any way to the Court's order. Accordingly, Duru's claims against all Defendants who have not waived the defense of insufficient service of process will be **DISMISSED** from this action without prejudice.[1] In addition, the Court will **GRANT** the motion to dismiss filed by Sessions, Fishman, Nathan & Israel, LLP, Dkt. 2, for insufficient service of process.

**B.      Motions To Dismiss**

The five remaining motions to dismiss raise numerous bases for dismissal pursuant to Rule 12. Despite multiple warnings from the Court, Duru has failed to respond to any of those motions. In addition, she has not met her burden of establishing that the Court has subject matter jurisdiction. And the complaint does not allege facts sufficient to satisfy Rules 8 and 12. For these reasons, the Court will **GRANT** the motions to dismiss and will **DISMISS** the remaining claims in this action without prejudice.

Duru has failed to respond to Defendants' motions to dismiss. The first three motions were filed within a week of each other in April 2017. *See* Dkt. 2; Dkt. 5; Dkt. 8. Shortly thereafter, the Court advised Duru that, if she failed to respond, the motions could be "treated as conceded" and her complaint dismissed. Dkt. 11 (citing *Fox v. Strickland*, 837 F.2d 507 (D.C. Cir. 1988); Local Civil Rule 7(b)). A fourth motion was filed at the end of May. Dkt. 12. The Court issued a second order reminding Duru of the consequences of failing to respond to the

---

[1] These Defendants are, in the order listed on the docket, Karen Mitchell, "DOJ/OIG/HHS - Northern District of Atlanta Georgia," "Miller" ("Agent"), United States Postal Service, Internal Revenue Service, Texas State District Court Clerks, "DOJ/OIG - Northern District of Texas," Sessions, Fishman, Nathan & Israel, LLP, Robert Schreiner, "Kaiser Permanente" (Georgia), "Kitty" ("RN"), Gary Fitzsimmons, Felicia Pitre, "Court Administrator," Kerry Kohnen, Henrietta King, and Carol Miller.

pending motions to dismiss. Dkt. 13. Two additional sets of Defendants filed two more motions to dismiss in early June, bringing the total to six. *See* Dkt. 15; Dkt. 19. The Court, once again, informed Duru that she needed to "file a brief in opposition to the pending motions to dismiss" and ordered her to do so by July 5, 2017. Dkt. 21 at 2. As noted, Duru failed to respond, instead opting to file more than twenty premature motions for default judgments. *See, e.g.*, Dkt. 22. She also filed a notice of appeal due to "gross delay in rendering judgment" in connection with these motions. Dkt. 41 at 1. The Court, however, concluded in its earlier order that the appeal was frivolous and therefore did not divest the Court of jurisdiction. *See* Dkt. 48 at 1 n.1. Neither her numerous motions for default judgment nor her notice of appeal addressed the arguments raised in Defendants' motions to dismiss.

Under Local Civil Rule 7(b), a party must oppose a motion within the time provided; if a response "is not filed within the prescribed time, the Court may treat the motion as conceded." In *Cohen v. Board of Trustees of the University of the District of Columbia*, 819 F.3d 476 (D.C. Cir. 2016), the D.C. Circuit "raised some concerns with the interaction between Local Rule 7(b) and Federal Rule of Civil Procedure 12(b)(6)." *Voacolo v. Fed. Nat'l Mortg. Ass'n*, 224 F. Supp. 3d 39, 41 (D.D.C. 2016). In particular, the court noted that

> [t]o the extent that [Local Rule 7(b)] allows a district court to treat an unopposed motion to dismiss as conceded, [it] effectively places the burden of persuasion on the non-moving party: when he fails to respond, he loses. But Federal Rule 12(b)(6) places this burden on the moving party.

*Cohen*, 819 F.3d at 481. Having acknowledged this tension, the court nonetheless recognized that it "ha[s] yet to deem a straightforward application of Local Rule 7(b) an abuse of discretion." *Id.* at 480 (internal quotation marks and citation omitted); *see also Stubbs v. Law Office of Hunter C. Piel, LLC*, 672 F. App'x 3 (D.C. Cir. 2016) (per curiam opinion); *Jordan v. Ormond*, No. 15-7151, 2016 WL 4098823 (D.C. Cir. July 22, 2016) (unpublished per curiam

opinion).

This case "presents a 'straightforward' situation in which to apply Local Rule 7(b)." *Voacolo*, 224 F. Supp. 3d at 42 (quoting *Cohen*, 819 F.3d at 480). The first motion to dismiss was filed in April 2017, the last in June 2017, and Duru had many months to respond to these motions. *See* Dkt. 2; Dkt. 19. But she failed to do so. Although district courts must proceed with caution in granting a motion to dismiss as conceded, this is the prototypical case for doing so. Not only has Duru ignored multiple orders directing that she respond to the pending motions, there is also little doubt that the pending motions are well founded.

As an initial matter, those motions correctly observe that Duru has failed to allege facts sufficient to establish subject matter jurisdiction. Although "a *pro se* complaint is held to a less stringent standard than other complaints," a *pro se* plaintiff still "bears the burden of establishing that the Court has subject matter jurisdiction." *Bickford v. United States*, 808 F. Supp. 2d 175, 179 (D.D.C. 2011) (internal quotation marks and citations omitted); *see Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). If the complaint "fails facially to plead facts sufficient to establish" subject matter jurisdiction, the Court must dismiss the complaint. *Achagzai v. Broad. Bd. of Governors*, 170 F. Supp. 3d 164, 173 (D.D.C. 2016).

Duru has failed to allege facts that would allow the Court to determine whether it has subject matter jurisdiction over her state law claims. For each Defendant, the complaint merely sets forth a numerical list of Duru's claims followed by a demand for damages and a series of various business records. Most of her claims appear to arise under state law, and it is unclear whether the remainder are state or federal law claims. With respect to Duru's state law claims, she has made no effort to show that the Court has supplemental jurisdiction. *See* 28 U.S.C. § 1367(a). In addition, the Court cannot discern Duru's domicile from the filings and, therefore,

cannot determine whether it has diversity jurisdiction. The motions to dismiss Duru's state law claims for lack of subject matter jurisdiction will be **GRANTED** as conceded pursuant to Local Civil Rule 7(b).

Further, to the extent Duru has asserted any federal claims, she has failed to allege any facts showing that she is entitled to relief on those claims. Because Duru has not alleged *any* facts to accompany her federal claims, the Court cannot discern the foundation for these claims and will, accordingly, **GRANT** the motions to dismiss as conceded with respect to these claims. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009).

## C. Motions To Enjoin Duru from Filing Further Lawsuits

The only remaining issue is whether Duru should be enjoined from filing further lawsuits against certain Defendants. The geographical scope of the requested injunction is not clear; Defendants merely assert that Duru "should be prohibited from . . . suing [them] without first obtaining leave of the Court." Dkt. 20 at 11.

Vexatious litigant injunctions are "extreme sanction[s] and should be imposed in only the most egregious cases." *In re Powell*, 851 F.2d 427, 434 (D.C. Cir. 1988). The D.C. Circuit has, accordingly, "established a few basic guidelines for [such] injunction[s]." *Id.* at 431. In particular, the Court must "look to both the number and content of the filings as indicia of frivolousness or harassment" and must "make substantive findings as to the frivolous or harassing nature of the litigant's actions." *Id.* As the Court explained in its earlier order, this inquiry requires that the Court consider (1) whether Duru has filed "numerous, similar complaints;" (2) whether Duru's previous filings were "adjudicated as frivolous" and "complete[ly] lack[ed] . . . substantive allegations;" (3) whether Duru is "attempting to harass a particular adversary;" and (4) whether "the orderly and expeditious administration of justice has

7

been so impeded as to require" a vexatious litigant injunction. *Id.* at 431–34 (internal quotation marks and citation omitted); *see* Dkt. 21 at 2.

On the present record, the Court cannot conclude that a vexatious litigant injunction is warranted here. Although the Court has concluded that Duru's claims *in this action* are frivolous, that finding warrants a dismissal but does not necessarily require that the Court enjoin Duru from filing further lawsuits. And the movants have not met their burden of showing that Duru's litigation history justifies an injunction. The Defendants that have requested injunctive relief assert that Duru has sued them before and is a "vexatious litigant who uses the judicial system to retaliate against and harass parties." Dkt. 20 at 10 (internal quotation marks omitted). But the movants have failed to allege particularized facts regarding Duru's litigation against them, and they have failed to apply the framework for a vexatious litigant injunction to the circumstances presented here. Instead, they have merely pointed out that Duru was deemed a vexatious litigant in Texas state court. *See, e.g.*, Dkt. 20-3. Defendants may be correct that Duru is a vexatious litigant. But it is their burden to demonstrate that that this "extreme remedy" is warranted. *In re Powell*, 851 F.2d at 431 (citation omitted). And the very limited factual allegations and even more limited analysis they have offered are insufficient to carry that burden.

The motions to enjoin Duru from filing further actions without leave of court, Dkt. 8; Dkt. 12; Dkt. 15; Dkt. 19, will, accordingly, be **DENIED**.

## CONCLUSION

For the reasons above, the Court will (1) *sua sponte* **DISMISS** the claims against all Defendants who have not been served and have not waived this defense;[2] (2) **GRANT** the

---

[2] These Defendants are, in the order listed on the docket, Karen Mitchell, "DOJ/OIG/HHS - Northern District of Atlanta Georgia," "Miller" ("Agent"), United States Postal Service, Internal Revenue Service, Texas State District Court Clerks, "DOJ/OIG - Northern District of Texas,"

8

motion to dismiss filed by Sessions, Fishman, Nathan & Israel, LLP, Dkt. 2; (3) **GRANT** the remaining motions to dismiss[3] as conceded pursuant to Local Civil Rule 7(b); and (4) **DENY** the motions to enjoin Duru from filing further actions without leave of Court.[4] Further, because no claims remain in this action, the Court will **DISMISS** this case without prejudice.

A separate order will issue.

/s/ Randolph D. Moss
RANDOLPH D. MOSS
United States District Judge

Date: January 31, 2018

---

Sessions, Fishman, Nathan & Israel, LLP, Robert Schreiner, "Kaiser Permanente" (Georgia), "Kitty" ("RN"), Gary Fitzsimmons, Felicia Pitre, "Court Administrator," Kerry Kohnen, Henrietta King, and Carol Miller.

[3] Dkt. 5 (Northern Trust Company); Dkt. 8 (Health Corporation of America, Inc.); Dkt. 12 (Randall Constantine and Mazursky Constantine LLC); Dkt. 15 (Geoffrey Beckham, Melinda Louie, Charles Schwab, and Charles Schwab & Co., Inc.); Dkt. 19 (David Clouston, Leslye Moseley, and Christopher Richie).

[4] Dkt. 8 (Health Corporation of America, Inc.); Dkt. 12 (Randall Constantine and Mazursky Constantine LLC); Dkt. 15 (Geoffrey Beckham, Melinda Louie, Charles Schwab, and Charles Schwab & Co., Inc.); Dkt. 19 (David Clouston, Leslye Moseley, and Christopher Richie).